UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| JOHN McCLELLAND ROSS, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 1:25-cv-248 |
| | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Michael J. Dumitru |
| OFFICER GROSS, OFFICER DI GIORGIO, and CITY OF NIOTA POLICE DEPARTMENT, | ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

Before the Court is Magistrate Judge Michael J. Dumitru's report and recommendation that the Court permit Plaintiff John McClelland Ross to proceed on Count One and Count Three of the amended complaint (Doc. 8) as against Defendant Officer Gross only, and that Count Two be dismissed in its entirety (Doc. 9). Plaintiff, proceeding pro se, filed his original complaint (Doc. 2) on August 4, 2025. On September 8, 2025, Magistrate Judge Dumitru granted Plaintiff's motion to proceed in forma pauperis ("IFP"), (Doc. 1), and screened the original complaint, granting Plaintiff leave to file an amended complaint. (Doc. 7.) Plaintiff timely filed an amended complaint on September 17, 2025. (Doc. 8.)

In his report and recommendation, Magistrate Judge Dumitru found Plaintiff adequately stated a claim for an unlawful seizure in violation of his Fourth Amendment rights in Count One of the amended complaint. (*See* Doc. 9, at 5.) In his report, Magistrate Judge Dumitru found that "[a]ccepting as true the allegations in Plaintiff's complaint, Defendant Gross arrested Plaintiff and seized his property based only on uncorroborated statements, which the alleged

victim disputed, made by an individual alleged to have a 'history' of mental illness." (*Id.* at 6.) However, the report notes that "the only specific conduct Plaintiff attributes to defendant Di Giorgio is 'execut[ing] transport to the jail." (*Id.* at 7 (citing Doc. 8, at 31.).) Consequently, the Court found these allegations 'sufficient to proceed past the initial screening stage, but only as to Defendant Gross." (*Id.*)

As to Count Three, in his report, Magistrate Judge Dumitru found that Plaintiff alleged sufficient facts that, if true, show that Defendant Gross "participated in the decision to prosecute Plaintiff, and that the prosecution lacked probable cause." (*Id.* at 8.) Therefore, the report finds Plaintiff sufficiently pled a claim for malicious prosecution in violation of 42 U.S.C § 1983 against Defendant Gross, but not Defendant Di Giorgio, "[f]or essentially the same reasons" as Count One. (*Id.* at 8.)

However, as to Count Two, Magistrate Judge Dumitru recommended dismissal because "no such claim is viable unless existing state remedies are inadequate to remedy the deprivation," and Plaintiff failed to plead such inadequacy. (*See id.* at 9.)

Magistrate Judge Dumitru advised the parties that any objections must be filed within fourteen days. (*See id.* at 10 n.3.) No party has filed an objection, and the time for doing so has passed.

The Court agrees with Magistrate Judge Dumitru's well-reasoned conclusions, and it hereby **ACCEPTS** and **ADOPTS** his report and recommendation (Doc. 9). It is hereby **ORDERED** that Plaintiff is permitted to proceed on Count One (unlawful seizure) and Count Three (malicious prosecution) as against Defendant Gross only. Count One and Count Three are **DISMISSED** as to Defendant Di Giorgio. Count Two (due process) is **DISMISSED** in its entirety. Finally, the City of Niota Police Department, which was not named in the amended

complaint, is **TERMINATED** as a defendant. The Clerk is **DIRECTED** not to issue process for Defendant Gross or the City of Niota Police Department.

    **SO ORDERED.**

                                                  /s/ *Travis R. McDonough*
                                                  **TRAVIS R. MCDONOUGH**
                                                  **UNITED STATES DISTRICT JUDGE**